IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-01-00420-CV

 

James C. Pettit, D.O.,

                                                                      Appellant

 v.

 

Jimmy and Carolyn Dowell, 

Individually and on behalf 

of the Estate of Jonathan 

Lance Dowell, Deceased,

                                                                      Appellee

 

 



From the 170th District Court

McLennan County, Texas

Trial Court # 99-2717-4

 



DISSENTING Opinion



 








          Now the abatement, if it was ever in
place, is lifted.  The abatement was done after we learned that Dr. Pettit had
filed for bankruptcy.  At the time of the abatement, we also purportedly
withdrew the opinions we had issued.  We had issued the opinions before we
learned of the bankruptcy; but before the opinions were purportedly withdrawn
and after we learned of the bankruptcy, a motion for rehearing was filed.

          The automatic stay of the bankruptcy
has been lifted.  Now we must decide how to proceed.  The majority purports to
lift the stay, refuses to reinstate the prior opinions, and dismisses the
motion for rehearing as moot.

          If we had the authority to withdraw
the opinions and abate the appeal, this may all work out.  But if we had no
authority to render these orders, once we learned of the automatic bankruptcy
stay, then the opinions have not been withdrawn and the dismissal of the motion
for rehearing commences the appellate timetable for filing a petition for
review.

          And I am not sure what effect, if any,
the Bankruptcy Court’s December 3, 2004 order terminating the automatic stay
“effective July 29, 2004,” the date Dr. Pettit filed for bankruptcy, will
have.  Hopefully, it will validate what the Court did if it otherwise would not
have had that authority.

          But we could avoid this uncertainty if
we simply:

1.                 
Ordered reinstatement of the
appeal;

2.                 
Simultaneously reissued the
opinions, majority and dissenting, as previously issued; 

 

3.                 
Simultaneously ruled on the
motion for rehearing (Under my theory it is ripe for being ruled on because the
withdrawal was ineffective.  Under the majority’s theory it would be ripe to
rule on as relating to the newly issued opinions as a prematurely filed
motion.); and

 

4.                 
Simultaneously withdraw the
opinions on our own motion.  (This would put the case in the procedural posture
where the majority apparently wants it, though I do not understand why this is
necessary.)

 

This process would bring procedural certainty to
this case; a much needed certainty.  Because the Court leaves the parties in
procedural limbo, by refusing to reissue opinions it was once satisfied with, I
must dissent.

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed February 23, 2005